**NOT FOR PUBLICATION**                                              **CLOSED**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT J. SANTUCCI, | : |
| Plaintiff, | : Hon. Faith S. Hochberg |
| v. | : Civil Case No. 10-5075 (FSH) (PS) |
| JAMES P. MADDEN, ESQ., | : |
| Defendant. | : **OPINION & ORDER** |
| | : Date: January 13, 2011 |
| JAMES P. MADDEN, ESQ., | : |
| Third Party Plaintiff, | : |
| v. | : |
| TWIN CITY FIRE INSURANCE COMPANY, and THE HARTFORD, | : |
| Third Party Defendants. | : |

**HOCHBERG, District Judge**:

**I      Introduction**

This matter comes before the Court on plaintiff's motion to remand this action back to New Jersey Superior Court, Law Division, Essex County [docket # 9] and on the Court's own motion pursuant to Federal Rule of Civil Procedure 12(h)(3).  The Court has considered the submissions of the parties pursuant to Federal Rule of Civil Procedure 78.

**II.     Background**

Plaintiff Santucci commenced this legal malpractice action against defendant Madden in New Jersey Superior Court on May 7, 2009, alleging that Mr. Madden, his attorney, negligently

failed to file an opposition to a summary judgment motion in a personal injury lawsuit brought by Mr. Madden on behalf of Mr. Santucci in state court.  As a result, the summary judgment motion in the state court action was allegedly granted as unopposed.  There is no federal jurisdiction over that lawsuit: it arises under state law, and both Mr. Santucci and Mr. Madden are citizens of New Jersey.  Mr. Santucci properly filed the instant legal malpractice claim in state court.

Mr. Madden impleaded Twin City Fire Insurance Co. ("Twin City"), a citizen of Indiana and Connecticut, as a third-party defendant on September 3, 2010, seeking a declaration that Twin City wrongfully denied his claim for coverage of his malpractice liability, if any.  Twin City filed a notice of removal with this Court on October 1, 2010 on the grounds that complete diversity of citizenship exists between it and Mr. Madden.  Mr. Santucci filed a motion to remand on November 4, 2010 – more than 30 days after removal.  The late-filed motion to remand alleged that the removal was late-filed.

On December 14, 2010, the Court entered an order requiring the parties to submit supplemental briefs answering the following questions: (1) whether, if the removal in this case by the third party defendant were deemed defective, the defect would be procedural or jurisdictional; and (2) whether the Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332.  The parties filed their supplemental briefs on December 21, 2010.

**III.    Discussion**

The sole question before the Court is whether the Court has subject matter jurisdiction.  Twin City, as the removing party, has the burden to establish federal jurisdiction.  *See Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985).  In evaluating whether Twin City has met its burden, "the removal statute should be strictly construed and all doubts should be resolved in favor of remand."  *Id.*

If Twin City's removal merely violated the removal statute, 28 U.S.C. § 1441, the Court would lack the power to remand because plaintiff failed to move within 30 days.[1]  *See Roxbury Condominium Ass'n, Inc. v. Anthony S. Cupo Agency*, 316 F.3d 224, 227 (3d Cir. 2003) (explaining that "[s]ection 1441 is a procedural rather than a jurisdictional statute" and a district court does "not have the power to remand for a procedural defect once the 30-day statutory period lapsed").  If, on the other hand, there is a defect in the Court's subject matter jurisdiction, it would not be waived, because subject matter jurisdiction can be raised at any time.  *See Brown v. Phila. Housing Auth.*, 350 F.3d 338, 346-47 (3d Cir. 2003); 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  It may be raised not only by a party but also *sua sponte* by the Court.  *See* Fed. R. Civ. P. 12(h)(3).

The Court concludes that there is no federal jurisdiction in this case, because there is unquestionably no diversity of citizenship between the original parties (Messrs. Santucci and Madden) and no federal question has been raised in either the Complaint or the Third Party Complaint.  *See* 14B *Federal Practice & Procedure 3d* § 3723 ("[D]iversity of citizenship only between a third-party plaintiff and a third-party defendant will not confer federal jurisdiction over a suit that is not otherwise removable."); *cf. HRP Corp. v. Miller*, No. 92-0993, 1992 WL 220698, at *1 (M.D. Pa. Sept. 4, 1992) (holding that counterclaim cannot be used to satisfy

---

[1] Plaintiff moved to remand on the grounds that Twin City filed a notice of removal on October 1, 2010, which was more than one year after the action commenced (May 7, 2009), in violation of 28 U.S.C. 1446(b).  Plaintiff waived that argument by failing to move to remand within 30 days of removal.  *See Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611, 615-16 (3d Cir. 2003).

amount in controversy in order to invoke court's diversity jurisdiction; diversity jurisdiction must be based on the complaint) (citing cases).

Twin City contends that the law permits a third party defendant to remove a case where the original action lacked subject matter jurisdiction, so long as the third party claim provides a basis for jurisdiction and is "separate and independent" from the original claim. Courts nationwide had been split on the question. The rule espoused by Twin City was the so-called minority rule. *See Carl Heck Eng'rs, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133, 135 (5th Cir. 1980). Under the majority rule, a third party defendant may not remove a case. *See Lewis v. Windsor Door Co.*, 926 F.2d 729, 733 (8th Cir. 1991); *Thomas v. Shelton*, 740 F.2d 478, 486 (7th Cir. 1984). The Third Circuit did not decide this issue.

This Court need not predict how the Third Circuit would have chosen as between the majority and minority rules because the 1990 amendment to section 1441, the statute on which the courts following the minority rule rely, clearly applies here and clearly states that the "separate and independent" standard for conferring federal jurisdiction only arises when a federal question is raised. *See* 28 U.S.C. § 1441(c) (permitting removal of "a separate and independent claim or cause of action within the jurisdiction conferred by section 1331" – *i.e.*, federal question jurisdiction). Since its amendment in 1990, the removal statute no longer permits the analysis in *Carl Heck Engineers*, decided in 1980, where diversity between the third party plaintiff and third party defendant conferred federal jurisdiction.

Twin City invokes this outdated feature of the minority rule in an attempt to establish federal jurisdiction based on diversity of citizenship solely between the third party plaintiff and defendant. While there is still a schism between the courts regarding whether jurisdiction can be premised solely upon a federal question raised in a third party complaint, that scenario is not

4

present here.  Accordingly, regardless of whether the majority or minority rule were to be followed, 28 U.S.C. § 1441(c) provides no basis for federal subject matter jurisdiction.

**IV.**     **Conclusion & Order**

For the foregoing reasons, it is **ORDERED** that this case is hereby **REMANDED** to the New Jersey Superior Court, Law Division, Essex County pursuant to 28 U.S.C. § 1447(c).

            **/s/ Faith S. Hochberg**
            Hon. Faith S. Hochberg, U.S.D.J.